UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YUNIOR ARANDY SANTIZO ARANA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-437 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Yunior Arandy Santizo Arana is currently detained by Immigration and Customs Enforcement. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on provisions of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which forecloses Petitioner's statutory arguments. In light of this decision, the Court ordered Petitioner to file a Statement in support of his Petition addressing prior decisions by this Court considering and rejecting due process claims similar to those that he alleges. (*See* Order, Doc. 3)

In his Response (Doc. 4), Petitioner contends that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without affording the individual an opportunity to seek bond.

Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at \*8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at \*2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th

928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive, despite Petitioner's attempt to distinguish them.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

For these reasons, the Court finds that Petitioner does not present a viable claim for relief. As a result, it is:

**ORDERED** that Petitioner Yunior Arandy Santizo Arana's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is direct to close this case.

Signed on May 29, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.